M. Christopher Moon (USB# 14880)
JACKSON LEWIS PLLC
215 South State Street, Suite 760
Salt Lake City, UT 84111
(801) 736-3199 - Telephone
Christopher.Moon@jacksonlewis.com
*Attorneys for Defendant*

## UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH

| | |
|---|---|
| DIONE C. RICHARDSON, an individual,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>DOLLAR TREE,<br><br>　　　　Defendant. | Case No. 2:23-CV-00332-DBB-CMR<br><br>**MOTION TO DISMISS THE COMPLAINT**<br><br>District Judge David Barlow<br>Magistrate Judge Cecelia M. Romero |

**A.   Introduction**

Pursuant to Fed. R. Civ. P. 12(b)(6), proper Defendant Family Dollar, Inc. ("Family Dollar") (erroneously named in the Complaint as Dollar Tree),[1] through its undersigned counsel Jackson Lewis PLLC, moves this Court to dismiss the Complaint of Plaintiff Pro Se Dione C. Richardson ("Richardson"). In this employment case, Richardson brings a single claim of hostile work environment race

---

[1] Family Dollar is a subsidiary of Dollar Tree, Inc. Richardson was employed by Family Dollar, not Dollar Tree.

discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-1, *et seq.* ("Title VII"). Yet Richardson's Complaint is subject to dismissal for two reasons. First, Richardson's Complaint makes clear that alleged unlawful conduct occurred well over 300 days *before* she filed a charge of discrimination ("Charge") with the Utah Antidiscrimination and Labor Division ("UALD") and the Equal Employment Opportunity Commission ("EEOC"). She therefore failed to exhaust her administrative remedies on the claim in this lawsuit, as those allegations were untimely when she filed her Charge. Second, even giving leeway to Richardson because of her pro se status, the Complaint fails to state a claim upon which relief may be granted. As a result, the Court should dismiss Richardson's Complaint with prejudice.

**B.     Standard of Review**

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must plead sufficient factual allegations "to state a claim to relief that is plausible on its face." *Doe v. Woodard*, 912 F.3d 1278, 1299 (10th Cir. 2019) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff pleads enough factual content to allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported

by mere conclusory statements" do not state a claim for relief. *Pyle v. Woods*, 874 F.3d 1257, 1266 (10th Cir. 2017) (quoting *Iqbal*, 556 U.S. at 678).

Richardson's pro se status entitles her to a liberal construction of her pleadings. *See Hall v. Witteman*, 584 F.3d 859, 863 (10th Cir. 2009). Even so, her pro se status does not relieve her of the obligation to comply with procedural rules applicable to all litigants. *Nielsen v. Price,* 17 F.3d 1276, 1277 (10th Cir. 1994). Nor does this relaxed standard relieve Richardson of the burden of alleging sufficient facts on which a recognized legal claim could be based. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

**C.    Argument**

    **1.    Richardson Failed to Exhaust her Administrative Remedies.**

Title VII requires a plaintiff such as Richardson to exhaust administrative remedies before suing. Exhaustion of administrative remedies is an affirmative defense that may be raised in a Rule 12(b)(6) motion to dismiss. *See Lincoln v. BNSF Ry.*, 900 F.3d 1166, 1185 (10th Cir. 2018); *see also Cirocco v. McMahon*, 768 F. App'x 854, 858 (10th Cir. 2019) (employers may raise failure to exhaust in a motion to dismiss where the grounds for the defense "appear on the face of the complaint."). To exhaust administrative remedies, a plaintiff must timely file a discrimination charge with the EEOC setting forth the facts and nature of the charge and then receive a right to sue letter from the EEOC. *See Simms v. Okla. ex rel.*

*Dep't of Mental Health & Substance Abuse Servs.*, 165 F.3d 1321, 1326 (10th Cir. 1999); 42 U.S.C. §§ 2000e-5(b), (c), (e), (f)(1).  "A plaintiff normally may not bring a Title VII action based upon claims that were not part of a timely-filed EEOC charge for which the plaintiff has received a right-to-sue-letter."  *Lincoln*, 900 F.3d at 1181 (citing *Foster v. Ruhrpumpen, Inc.*, 365 F.3d 1191, 1194 (10th Cir. 2004)).

In states in which a state agency has authority to investigate federal employment discrimination charges (so called "deferral states"), Title VII allows a claimant to file a charge of discrimination within 300 days of the alleged unlawful employment practice by initially instituting proceedings with a state agency.  *Branham v. Delta Airlines*, 184 F. Supp. 3d 1299, 1307 (D. Utah 2016) (citing *Davidson v. Am. Online, Inc.*, 337 F.3d 1179, 1183 n.1 (10th Cir. 2003)).  Utah is a deferral state, so discrimination charges under Title VII may be filed with the UALD.  *See id.*

Richardson claims in her Complaint that the earliest charge filing that she made occurred when she filed a charge with the UALD[2] on or about December 7, 2022.  *See* ECF No. 6 at p. 2.  Yet the allegedly discriminatory acts occurred on or about November 5, 2021.  *Id.*  Whatever those acts are (and as discussed below the Complaint describes them only in conclusory terms) they are all untimely because

---

[2] Identified on the form Complaint as the "Anti Discrimination Division of the Utah State Industrial Commission."  ECF No. 6 at p. 2.

November 5, 2021, is 399 days before December 9, 2022.  It is thus apparent from "the face of the complaint" that the purportedly discriminatory acts occurred well outside the limitations period.  *See Cirocco*, 768 F. App'x at 858.  Richardson therefore failed to exhaust her administrative remedies.

### 2. Richardson Fails to State a Claim for Relief.

Richardson's Complaint also should be dismissed for failure to state a claim for relief.  Although Richardson's pro se status relaxes the pleading standard, it does not eliminate the basic requirement that the Complaint contain facially plausible claims.  A mere recital of the elements of a claim are insufficient.

Here, Richardson's Complaint states that she was "harassed, threatened [and] bullied by a supervisor" who didn't leave her alone when told to do so.  *See* ECF No. 6 at p. 3.  But Richardson never explains the purported harassment.  In fact, in the section of the Complaint where Richardson is required to describe the factual basis for her claim she merely asserts that she was the only employee "treated this way."  *Id.* at p. 4.  She fails to explain what that mistreatment was, much less the basis for her claim that the mistreatment occurred because of her race.  And there is no explanation for how that purported mistreatment led Richardson to be convicted of a felony, as she perplexingly alleges in the "Injury" section of the Complaint.  *See id.*

In other words, Richardson provides no narrative of factual allegations of mistreatment that can be plausibly connected to the elements of a hostile work

environment claim under Title VII. Richardson fails to "explain what [the] defendant did to [her]; when the defendant did it; how the defendant's actions harmed [her], and what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents,* 492 F.3d 1158, 1163 (10th Cir. 2007). Specific information about the basis for Richardson's claim is necessary to provide Family Dollar with fair notice of the claim and to allow the Court to determine whether she is entitled to the relief requested. *See Monument Builders of Greater Kansas City Inc. v. American Cemetery Assn. of Kansas,* 891 F.2d 1473, 1480 (10th Cir. 1989); *see also Nasious,* 492 F.3d at 1163 (a plain statement under rule 8 provides defendant with "sufficient notice to begin preparing its defense and the court sufficient clarity to adjudicate the merits."). In sum, Richardson fails to state claim for relief under Title VII. The Court should therefore dismiss her Complaint on this basis as well.

### D. Conclusion

Family Dollar asks the Court to dismiss Richardson's Complaint because she failed to exhaust her administrative remedies and fails to state a claim for relief under Title VII.

Respectfully submitted this 3rd day of August 2023.

                                            */s/ M. Christopher Moon*
M. Christopher Moon (USB# 14880)
JACKSON LEWIS PLLC
215 South State Street, Suite 760
Salt Lake City, UT 84111
(801) 736-3199 - Telephone
Christopher.Moon@jacksonlewis.com
*Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 3rd day of August 2023, I caused to be served the foregoing MOTION TO DISMISS by email and by regular mail on the following:

Dione C. Richardson
4131 W. Dennis Dr.
West Valley City, UT 84120
richardsondione72@gmail.com

*Plaintiff pro se*

                                                  */s/ M. Christopher Moon*
                                                  M. Christopher Moon

4876-7013-2850, v. 2