IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| DIONE RICHARDSON,<br><br>      Plaintiff,<br>v.<br><br>DOLLAR TREE,<br><br>      Defendant. | REPORT & RECOMMENDATION<br><br>Case No. 2:23-cv-00332-DBB-CMR<br><br>Judge David Barlow<br><br>Magistrate Judge Cecilia M. Romero |

This case is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) (ECF 9). Before the court is Defendant Dollar Tree's (Defendant or Family Dollar) Motion to Dismiss (Motion) (ECF 18).[1] Having carefully considered the relevant filings, the court finds that oral argument is not necessary and will decide this matter based on the written memoranda. *See* DUCivR 7-1(g). For the reasons herein, the undersigned RECOMMENDS that the court GRANT IN PART Defendant's Motion and provide Plaintiff an opportunity to amend her Complaint.

## BACKGROUND

Pro se Plaintiff Dione Richardson (Plaintiff or Ms. Richardson) brings this suit pursuant to Title VII of the Civil Rights Act of 1964 alleging employment discrimination (ECF 6 at 1). Plaintiff alleges she was the "only Black Employee" who worked for Family Dollar and was discriminated against because of her race (*id.* at 4). According to the Complaint, Plaintiff was harassed, threatened, and bullied by one of her supervisors at work (*id.* at 3). Also alleged in the Complaint is that Plaintiff, to no avail, reported her supervisor's conduct to another supervisor, and that after

---

[1] Defendant's Motion notes that the Complaint erroneously names Dollar Tree, as opposed to Family Dollar, a subsidiary of Dollar Tree, Inc. (ECF 18 at 1). To the extent this is material to the claims in the Complaint, the court directs Plaintiff to make any necessary changes to the named Defendants in her Amended Complaint.

1

reporting another threat, the General Manger of the store told her to "be the bigger person" (*id.*). Plaintiff also claims to have suffered mentally, obtained a criminal record, and had difficulty finding a job because of Defendant's actions (*id.* at 4). Plaintiff now seeks monetary relief for her alleged injuries (*id.*).

Relevant to the Complaint are the following dates: 1) Plaintiff claims to have suffered the discriminatory acts on November 5, 2021; 2) filed charges with the Anti-Discrimination Division of the Utah State Industrial Commission (UALD) regarding this conduct on December 7, 2022; 3) filed charges with the Equal Employment opportunity Commission on February 10, 2023; 4) and received a "Notice of Right to Sue" (the Notice) on March 15, 2023 (ECF 6 at 2–3). This Notice is attached to the Complaint as an exhibit (*id.* at 6-1).

Defendant asks the court to dismiss Plaintiff's Complaint for two reasons: first, because Plaintiff failed to exhaust her administrative remedies and second, because Plaintiff fails to state a plausible claim for relief (ECF 18 at 4–6). Defendant first contends that Plaintiff did not "timely file a discrimination charge with the EEOC" as Plaintiff needed to have "file[d] a charge of discrimination within 300 days of the alleged unlawful employment practice by initially instituting proceedings with a state agency" (*id.* at 4). Defendant argues Plaintiff's claim was untimely filed on the 397th day because the alleged discriminatory acts occurred on or about November 5, 2021, yet the claim with the UALD was not filed until December 7, 2022. Secondly, Defendant argues that the Complaint lacks sufficient factual basis "to provide Family Dollar with fair notice of the claim and to allow the court to determine whether she is entitled to the relief requested" (*id.* at 6).

Plaintiff filed a Response to the Motion in which she alleges that the last date she suffered from discrimination was actually March 1, 2022, making her claim timely (ECF 19 at 2). Plaintiff argues that if the claim was not timely, the UALD would not have let her file the claim (*id.*).

Defendant filed a reply in which it argues that the court should not consider Plaintiff's new alleged date of discrimination in the Response, and that Plaintiff has failed to allege a plausible hostile work environment claim (ECF 20 at 1–2).

## **LEGAL STANDARD**

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell v. Twombly*, 550 U.S. 544, 570) (2007)). In this review, a "court accepts as true well-pleaded factual allegations and views the allegations in the light most favorable to the plaintiff, drawing all reasonable inferences in the plaintiff's favor." *Hendershot v. Gurstel L. Firm, P.C.*, No. 2:20-cv-00118-DBB-DAO, 2020 WL 8083573, at *2 (D. Utah Dec. 17, 2020) (citing *Wilson v. Montano*, 715 F.3d 847, 852 (10th Cir. 2013)), *report and recommendation adopted* 2021 WL 76163 (D. Utah Jan. 8, 2021).

In undertaking this analysis, the court is mindful that Plaintiff is acting *pro se* and that her filings are liberally construed and held "to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Still, a *pro se* plaintiff must "follow the same rules of procedure that govern other litigants." *Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quoting *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994)). A *pro se* plaintiff also "still has 'the burden of alleging sufficient facts on which a recognized legal claim could be based.'" *Jenkins v. Currier*, 514 F.3d 1030, 1032 (10th Cir. 2008) (quoting *Hall*, 935 F.2d at 1110). Although the court must make some allowances for a *pro se* plaintiff's "failure to cite proper legal authority, … confusion of various legal theories, … poor

3

syntax and sentence construction, or … unfamiliarity with pleading requirements," *Hall*, 935 F.2d at 1110, the court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf," *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009) (quoting *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997)). With these standards in mind, the court turns to the sufficiency of Plaintiff's Complaint.

## ANALYSIS

The court first addresses Defendant's argument that Plaintiff's claim is untimely. The Complaint alleges that the discriminatory acts occurred on November 5, 2021, and the date in which Plaintiff filed her charges with the UALD was December 7, 2022, making the filing or the charges untimely. However, Plaintiff's Complaint contains a Notice of the Right to Sue issued by the United States Equal Employment Opportunity Commission, which is attached to the Complaint (ECF 6-1) and her response to the Motion references that she suffered from discriminatory acts on March 1, 2022 (ECF 19 at 2). This suggests that the charge was not untimely, but without any further alleged facts or clarification in the Complaint, the court cannot draw that conclusion.

Addressing Defendant's second argument, Defendant's Motion contends that the Complaint lacks sufficient factual basis "to provide Family Dollar with fair notice of the claim and to allow the court to determine whether she is entitled to the relief requested" (*id.* at 6). The court agrees. As stated by Defendant, based on the Complaint, the court here looks at whether there was a hostile work environment. To properly plead a hostile work environment, Plaintiff must allege facts describing a "workplace ... permeated with discriminatory intimidation, ridicule, and insult ... sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Hall v. U.S. Dep't of Labor*, 476 F.3d 847, 851 (10th Cir. 2007) (quoting *Davis v. U.S. Postal Serv.*, 142 F.3d 1334, 1341 (10th Cir. 1998)). "Additionally, the

harassment must stem from animus against a protect[ed] class to which the defendant thinks the plaintiff belongs." *Calkins v. Davis Sch. Dist.*, No. 1:15-cv-00060-DN-EJF, 2017 WL 8947962, at *2 (D. Utah Mar. 23, 2017), *report and recommendation adopted*, No. 1:15-CV-00060-DN-EJF, 2017 WL 1373876 (D. Utah Apr. 13, 2017). The hostile work environment inquiry also depends on factors like the "frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 23 (1993).

Plaintiff fails to provide enough factual allegations with sufficient specificity to plead a hostile work environment claim. The Complaint only once makes a mention of Plaintiff's race. Although it does allege that she suffered from harassment, threats, and bullying while at work, these allegations are not tied to Plaintiff's race, nor do they contain sufficient factual matter for this court to find that Plaintiff has pled a plausible hostile work environment claim based on Plaintiff's race. The limited description of the acts by Plaintiff's supervisors "precludes the [c]ourt from determining whether [Plaintiff] has a claim upon which this [c]ourt can grant relief." *Calkins*, 2017 WL 8947962, at *3.

Defendant argues this court should dismiss Plaintiff's Complaint with prejudice as Plaintiff is unable to address these pleading deficiencies. However, the court is unable to make such a determination at this stage. If Plaintiff can address the pleading deficiencies, the court will afford her an opportunity to amend. *See Reynoldson v. Shillinger*, 907 F.2d 124, 126 (10th Cir. 1990) ("[If] it is at all possible that the party against whom the dismissal is directed can correct the defect in the pleading or state a claim for relief, the court should [afford] leave to amend" (quoting Wright, A. Miller & M. Kane, *Federal Practice & Procedure,* Civil 2d § 1483 (West 1990)).

## RECOMMENDATION

The undersigned therefore RECOMMENDS that the court GRANT IN PART Defendant's Motion to Dismiss (ECF 18) pursuant to Rule 12(b)(6) and DISMISS Plaintiff's Complaint without prejudice. The undersigned further RECOMMENDS that the GRANT Plaintiff an opportunity to amend her Complaint within 30 days of the date of this Report and Recommendation. Plaintiff shall file an amended complaint no later than January 12, 2024.

Copies of the foregoing Report and Recommendation are being sent to all parties who are hereby notified of their right to object. Within fourteen (14) days of being served with a copy, any party may serve and file written objections. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to object may constitute a waiver of objections upon subsequent review.

DATED this 13 December 2023.

Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah