IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| DIONE RICHARDSON,<br><br>    Plaintiff,<br><br>v.<br><br>DOLLAR TREE,<br><br>    Defendant. | REPORT AND RECOMMENDATION GRANTING [24] MOTION TO DISMISS<br><br>Case No. 2:23-cv-00332-DBB-CMR<br><br>Judge David Barlow<br><br>Magistrate Judge Cecilia M. Romero |

This case is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) (ECF 9). Before the court is Defendant Dollar Tree's (Defendant) Motion to Dismiss (Motion) (ECF 24). The court also considers Plaintiff Dione Richardson's (Plaintiff) Response (ECF 29) and Defendant's Reply (ECF 30). Having carefully considered the relevant filings, the court finds that oral argument is not necessary and will decide this matter based on the written memoranda. *See* DUCivR 7-1(g). For the reasons set forth herein, the undersigned RECOMMENDS that the court GRANT Defendant's Motion.

## I.  BACKGROUND

On May 26, 2023, the court granted Plaintiff's request to proceed *in forma pauperis* (ECF 4), and Plaintiff's original Complaint in this matter was filed (ECF 6). The original Complaint was filed pursuant to Title VII of the Civil Rights Act of 1964, wherein Plaintiff brought allegations of employment discrimination against Defendant (ECF 6 at 1). In short, Plaintiff asserted in her Complaint that, while working for Defendant, she was discriminated against because of her race and that she was harassed, threatened, and bullied by one of her supervisors (*id.* at 3–4).

Thereafter, Defendant filed a Motion to Dismiss requesting dismissal of Plaintiff's Complaint for two reasons: first, because Plaintiff failed to exhaust her administrative remedies and second, because Plaintiff failed to state a plausible claim for relief (ECF 18 at 4–6). In ruling on the Defendant's earlier motion, the court agreed with Defendant that the Complaint lacked sufficient factual basis "to provide [Defendant] with fair notice of the claim and to allow the court to determine whether [Plaintiff] is entitled to the relief requested" (ECF 21 at 4). The undersigned therefore recommended that Defendant's earlier motion to dismiss be granted and that Plaintiff be given an opportunity to amend her Complaint (*id.* at 6). The district court adopted that recommendation, providing Plaintiff thirty days to file an amended Complaint (ECF 22 at 2).

On March 6, 2024, Plaintiff filed her Amended Complaint (ECF 23). Defendant then filed the present Motion, arguing that "rather than fix the problems with the initial Complaint, the Amended Complaint creates new ones" (ECF 24 at 2).[1] Specifically, Defendant points out that the Amended Complaint "describes a few conflicts between [Plaintiff] and a coworker, but she does not make a *legal* connection to a statute violation that would confer federal jurisdiction or a *factual* connection to any violation either, including purposed race discrimination" (*id.*). Essentially, Defendant argues that the "handful of altercations" that Plaintiff describes in her Amended Complaint "in roughly chronological order between her and a coworker . . . are not tethered to any discernable claims," and therefore warrant dismissal (*id.* at 3–4) (quoting *Richardson v. Fisher*, No. 2:20-cv-00541, 2020 WL 13824120, at *1 (D. Utah Sept. 22, 2020)).

---

[1] In its Motion, Defendant points out that "the Amended Complaint does not list Family Dollar (or any other person or entity) as a defendant," but "for purposes of this [M]otion" Defendant conceded that it employed Plaintiff "during the period described in the Amended Complaint" (ECF 24 at 1).

In response to the Motion, Plaintiff begins by listing nine different grounds upon which she believes she is entitled to monetary compensation—ostensibly representing her causes of action—which Plaintiff labeled as follows: (1) racial discrimination, (2) disrespectful behavior, (3) hostile work environment, (4) vicarious liability, (5) negligent supervision, (6) negligent retention, (7) egregious conduct, (8) proximate cause, and (9) respondeat superior (ECF 29 at 1). Plaintiff then recounts the events that occurred while she was employed by Defendant that she believes support her claims (*id.* at 1–6). At the end of her response, Plaintiff indicates that the relief she is requesting is for monetary compensation in the amount of $550,000 (*id.* at 6). In her response, Plaintiff provides no statutory authority or case law in defense of her Amended Complaint (*see generally id.*).

## II.  LEGAL STANDARDS

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). In this review, a "court accepts as true well-pleaded factual allegations and views the allegations in the light most favorable to the plaintiff, drawing all reasonable inferences in the plaintiff's favor." *Hendershot v. Gurstel L. Firm, P.C.*, No. 2:20-cv-00118-DBB-DAO, 2020 WL 8083573, at *2 (D. Utah Dec. 17, 2020) (citing

*Wilson v. Montano*, 715 F.3d 847, 852 (10th Cir. 2013)), *report and recommendation adopted*, 2021 WL 76163 (D. Utah Jan. 8, 2021).

In undertaking this analysis, the court is mindful that Plaintiff is acting pro se and that her filings are liberally construed and held "to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Still, a pro se plaintiff must "follow the same rules of procedure that govern other litigants." *Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quoting *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994)). Moreover, a pro se plaintiff "still has 'the burden of alleging sufficient facts on which a recognized legal claim could be based.'" *Jenkins v. Currier*, 514 F.3d 1030, 1032 (10th Cir. 2008) (quoting *Hall*, 935 F.2d at 1110). Although the court must make some allowances for a pro se plaintiff's "failure to cite proper legal authority, . . . confusion of various legal theories, . . . poor syntax and sentence construction, or . . . unfamiliarity with pleading requirements," *Hall*, 935 F.2d at 1110, the court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf," *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009) (quoting *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997)).

### III. DISCUSSION

In Defendant's Motion, it argues that the Amended Complaint "does not state a claim for relief under any federal law . . . [n]or does it contain factual allegations that would satisfy pleading requirements" (ECF 24 at 5). For the following reasons, the court agrees.

First, the court notes that a "revised complaint must stand entirely on its own and shall not refer to, or incorporate by reference, any portion of the original or other amended and supplemental complaints." *Oblad v. Utah State Prison*, No. 2:17-cv-95-DB, 2018 WL 2745241, at *1 (D. Utah

4

June 7, 2018); *see also Murray v. Archambo*, 132 F.3d 609, 612 (10th Cir. 1998) (noting that an

amended complaint supersedes an original complaint). Plaintiff's Amended Complaint gives no

indication as to the nature of her claims or who those claims are asserted against (ECF 23). While

there was at least some indication in the original Complaint that Plaintiff's allegations related to a

hostile work environment and that her mistreatment was related to her race (ECF 6 at 3–4), there

is no mention whatsoever in the Amended Complaint about Plaintiff's race or any other basis upon

which she believes she was discriminated against or otherwise mistreated. The only information

that can be gleaned from the Amended Complaint is that Plaintiff was employed by an unknown

entity from November 6, 2021 until March 3, 2022, and during that time, she had unpleasant

interactions with someone and that someone may have been a coworker.

As a general principle, "[a] claim has facial plausibility when the plaintiff pleads factual

content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." *Rosser v. City of Provo, Utah*, No. 2:12-cv-0739-CW-DBP, 2013 WL

4537904, at *8 (D. Utah Aug. 27, 2013) (quoting *Hall v. Witteman*, 584 F.3d 859, 863 (10th

Cir.2009)). Here, the court determines that Plaintiff's complaint lacks facial plausibility as "it fails

to articulate any clear factual or legal basis for the alleged claims and relies entirely upon

unsupported and conclusory allegations." *Rosser*, 2013 WL 4537904, at *8.

In response to the Motion, Plaintiff attempts to remedy her pleading deficiencies by

outlining her causes of action and the factual basis that she believes supports her claims (ECF 29).

This attempt however is futile as it is a "well-established" principle "that in determining whether

to grant a motion to dismiss, the district court . . . [is] limited to assessing the legal sufficiency of

the allegations contained within the four corners of the complaint." *Jojola v. Chavez*, 55 F.3d 488,

494 (10th Cir. 1995). Accordingly, where a complaint is so factually deficient that it could not survive a motion to dismiss, a plaintiff cannot "rehabilitate" that complaint through "subsequent briefing." *Skipprint, LLC v. Rastar, Inc.*, No. 2:13-cv-00039, 2013 WL 4430873, at *3 (D. Utah Aug. 16, 2013).

Similar to its earlier findings related to the original Complaint (*see* ECF 21 at 4), the court determines that the Amended Complaint lacks a sufficient factual basis to provide Defendant with fair notice of the claims asserted against it and does not provide a basis for the court to determine whether Plaintiff is entitled to any relief. Because Plaintiff has failed to allege "sufficient facts on which a recognized legal claim could be based," *Hall*, 935 F.2d at 1110, the undersigned recommends the Amended Complaint be dismissed.

## RECOMMENDATION

Based upon the foregoing, IT IS HEREBY RECOMMENDED that Defendant's Motion to Dismiss (ECF 24) be GRANTED and that the Amended Complaint be DISMISSED WITHOUT PREJUDICE.

## NOTICE

Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The parties must file any objection to this Report and Recommendation within 14 days after being served with a copy of it. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to object may constitute waiver of objections upon subsequent review.

DATED this 17 December 2024.

Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah